

# Fourth Court of Appeals
## San Antonio, Texas

December 3, 2015

No. 04-15-00548-CV

Rufina Reyes **YANEZ**,
Appellant

v.

**AMERICAN GENERAL LIFE INSURANCE COMPANY**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2014CVF000504-D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

# O R D E R

The trial court's final judgment was signed on May 13, 2015. Appellant filed a motion to set aside the final judgment, which the trial court denied on July 20, 2015. Because final judgment was signed on May 13, 2015, Appellant's notice of appeal was due to be filed on August 11, 2015. Appellant filed a notice of appeal on September 3, 2015 and a motion for extension of time on the same date.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (construing the predecessor to Rule 26). However, once the period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction. *Id.*

The Rule 26.3 grace period in which Appellant could file her motion for extension of time to file the notice of appeal expired on August 25, 2015. On September 16, 2015, appellee filed a motion to dismiss this appeal on the basis appellant's notice of appeal was filed impermissibly late pursuant to Texas Rule of Appellate Procedure 26(a)(1), and appellant failed to file a timely motion for extension of time. Appellant failed to file a reply to appellee's motion to dismiss, but did file a motion to abate the appeal.

Because this Court may not abate an appeal if the notice of appeal was filed late, on October 5, 2015, this Court issued a show cause order requiring Appellant to show cause within 10 days why the appeal should not be dismissed for lack of jurisdiction. Appellant did not respond, and on October 28, 2015, this Court dismissed the appeal for lack of jurisdiction. Sixteen days later, on November 13, 2015, Appellant filed a motion to reinstate the appeal, citing counsel's ill health and busy trial schedule as good cause.

This Court lacks jurisdiction over this appeal. See TEX. R. APP. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617. Appellant's motion to reinstate appeal is DENIED. All other pending motions are denied as moot.

It is so **ORDERED** on December 3, 2015.

PER CURIAM

ATTESTED TO: _____
Keith E. Hottle
Clerk of Court